**SO ORDERED.**

**SIGNED this 26 day of February, 2007.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WILMINGTON DIVISION

**IN RE:**

**DEBRA SUE KELLY,**

       Debtor.                                      06-01800-8-JRL
                                                        Chapter 13

**ORDER**

The matter before the court is the motion to substitute attorney filed by Grieg R. Alley. The debtor was initially represented by Peter K. Gemborys, Sr., who was suspended from practice before the United States Bankruptcy Court for the Eastern District of North Carolina effective November 30, 2006, pursuant to In re Mugno, Case No. 05-09231-8-JRL (Bankr. E.D.N.C. Oct. 20, 2006). In the motion to substitute attorney, Mr. Alley requests that all future attorney compensation be paid to him; however, those terms are inconsistent with the court's standing order of January 8, 2007.

The court entered its standing order to provide a uniform procedure for dealing with attorney compensation in Chapter 13 cases in light of Mr. Gemborys' suspension. Pursuant to the standing order, if a case was less than a year old on the date of Mr. Gemborys' suspension, Mr. Gemborys'

1

right to payments under the confirmed plan were terminated based on the rationale that Mr. Gemborys was unable to provide all of the services that the base fee entailed. However, Mr. Gemborys was authorized to retain what he had already received in compensation or $500.00, whichever was greater. The subject case was less than a year old on the date of Mr. Gemborys' suspension. The confirmed plan allows for a base fee of $3000.00. Mr. Gemborys received $300.00 from the debtor prior to filing the case. Accordingly, Mr. Gemborys is entitled to an additional $200.00 of the base fee for a total of $500.00. The remainder of the base fee shall be distributed to Mr. Alley under the confirmed plan.

Based on the foregoing, the court allows the substitution of counsel. Mr. Gemborys is entitled to $500.00 of the $3000.00 base fee. The remaining $2,500.00 of the base fee shall be distributed to Mr. Alley as substitute counsel.

**END OF DOCUMENT**